JUSTICE COTTER
dissents.
¶35 I dissent. I would liberally construe the allegations set forth in AK’s Complaint, as Staples requires that we do, and remand with directions that MMIA assume the defense of the Town in the underlying action.
¶36 In its Complaint, AK alleges that the Mayor instructed it to perform work beyond the scope of the contract. I disagree with this Court’s conclusion that the allegations against the Mayor are subsumed within the breach of contract case. For one thing, the Mayor herself was not a party to the contract. While the Complaint is not a *276 model of draftsmanship, it does clearly assert that AK relied upon the representations of the Mayor to the effect that the Town would pay for the additional work the Mayor requested, and that the Mayor made such representations when the Town had no intention of paying for the extra work. Moreover, AK clearly asserts that it relied upon these representations to its detriment.
¶37 The Court concludes that, notwithstanding the allegations of the Complaint, all of the claims contained therein are actually grounded in contract, and therefore there is no duty to defend. ¶ 33. The Court is too categorical. Although there are clearly breach of contract claims asserted, tort claims are raised as well. In Garden City Floral Co. v. Hunt, 126 Mont. 537, 255 P.2d 352 (1953), we noted that “the dividing line between breaches of contract and torts often lies in a twilight zone, where it is difficult to determine whether the case applies strictly to the one or to the other.” Hunt, 126 Mont. at 543, 255 P.2d at 356. I submit that under such circumstances, until the “dividing line” is clearly identified through discovery, the insurer has the duty to defend the case.
¶38 In Staples, we said: “When a court compares allegations of liability advanced in a complaint with policy language to determine whether the insurer’s obligation to defend was ‘triggered,’ a court must liberally construe allegations in the complaint so that all doubts about the meaning of the allegations are resolved in favor of finding that the obligation to defend was activated. Unless there exists an unequivocal demonstration that the claim against an insured does not fall within the insurance policy’s coverage, an insurer has a duty to defend.” Staples, ¶ 22 (internal citations omitted). We further noted that so long as the complaint raises allegations which, if proved, represent a covered risk, the duty to defend is imposed. Staples, ¶ 21. In my judgment, the Court here has wrongly construed the allegations of the Complaint in favor of the insurer so as to prematurely foreclose the duty to defend.
¶39 I would conclude that the Complaint sufficiently alleged facts that, if proven, would represent a covered risk. I would therefore reverse and remand with instructions that the insurer assume the defense of the underlying action, with a determination to be made later as to whether there is an obligation to indemnify. I respectfully dissent from our refusal to do so.
JUSTICE LEAPHART joins the Dissent of JUSTICE COTTER.